## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TIFFANY WANG individually and derivatively in the name of and on behalf of AGORA GUAM LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| DAVID SU, ALTAMORE INTERNATIONAL LIMITED (aka ALTIMORE) and AGORA GUAM LLC, and DOES I – X inclusive, | ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) ) |
| DAVID SU, ALTAMORE INTERNATIONAL LIMITED (aka ALTIMORE), | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| vs. | ) ) |
| TIFFANY WANG individually and derivatively in the name of and on behalf of AGORA GUAM LLC, | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

**CIVIL CASE NO. CV0252-13**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Tiffany Wang's motion for appointment of liquidating trustee and sale of assets as a going concern, filed September 27, 2013. Oral arguments were heard on December 16, 2013. Attorney Daniel J. Berman appeared on behalf of Plaintiff, Attorney George N. Valdez represented Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In June 2006, Plaintiff Tiffany Wang (hereinafter "Wang") and Defendant David Su (hereinafter "Su"), individually and on behalf of Altamore International Ltd. (hereinafter "Altamore"), entered into an agreement (hereinafter "Agreement") where they jointly purchased the Windward Hills Country Club in Yona, Guam (hereinafter, "the Property"). Pursuant to the Agreement, Agora Guam LLC (hereinafter, "Agora") was formed for the purposes of taking title to, holding, and managing the Property. The two named members of Agora were Wang and Altamore. At the heart of the dispute are allegations involving the purchase of the Property, breaches of fiduciary duties, access to the financial data of Agora, and management of the Property.

On March 15, 2013, Plaintiffs filed a complaint against Defendants Su, Altamore, Agora, and Does I-X alleging: (1) Breach of Fiduciary Duty; (2) Fraudulent Concealment; (3) Inspection of Books and Records and Accounting; (4) Appointment of Liquidating Trustee/Injunctive Relief; (5) Unjust Enrichment/Disgorgement/Attorney's Fees; and (6) Declaratory Relief. (Complaint, 2-6, Mar. 15, 2013).

On April 19, 2013, Defendants Su and Altamore filed an answer to the Complaint, a counterclaim, and a demand for jury trial. In the counterclaim, Su and Altamore assert the claims of breach of fiduciary duty, inspection of books, and unjust enrichment against Plaintiff Wang. (Answer, 5-8, Apr. 19, 2013).

On September 27, 2013, Wang filed a motion for appointment of liquidating trustee and sale of assets as a going concern, arguing that, pursuant to the organizational documents as well as the case law precedent affording equitable discretion to the Court in the winding up of partnership affairs, Plaintiff is entitled to be appointed as the liquidating trustee to sell assets of the Property. (Mot., 5, Sept. 27, 2013).

On October 25, 2013, Defendants Su and Altamore filed an opposition to the motion, arguing: (1) the appointment of a liquidating trustee and the involuntary dissolution of Agora are not authorized under Guam law; (2) Agora's organization documents prohibit the appointment of a liquidating trustee; (3) the circumstances do not warrant liquidation; (4) more

time for discovery is required to determine the financial state of the Property and to determine the most appropriate solution to resolve any financial issues. (Opp'n Mot., 3-10, Oct. 2, 2013).

On Nov. 13, 2013, Wang filed a reply. She argues that the financial failure of Agora is not in material dispute, the organization documents grant management authority to Wang, and that under 18 GCA § 15120(a)(3) of the Guam Limited Liability Company Act allows for dissolution by court decree when requested by a member who intends to quit. (Reply, 2-8, Nov. 13, 2013).

## DISCUSSION

### I.      Jurisdiction

The Court has jurisdiction to enforce the provisions of the Guam Limited Liability Company Act, 18 GCA § 15101 *et seq.* 18 GCA § 15133 (2005).

### II.     Dissolution of a LLC

Under Guam law, the dissolution of a limited liability company shall occur upon the occurrence of any of the following events:

> (1) When the period fixed for the duration of the limited liability company expires.
> (2) By the unanimous written agreement of all members.
> (3) Upon the death, retirement, resignation, expulsion, bankruptcy, or dissolution of a member or upon the occurrence of any other event which terminates the continued membership of a member in the limited liability company, unless the business of the limited liability company is continued by the consent of all the remaining members or under a right to continue stated in the articles of organization of the liability company.

18 GCA § 15120(a)(1)-(3) (2005).

Upon the occurrence of any of these events, the limited liability company shall execute a statement of intent to dissolve in the form prescribed by the Department of Revenue and Taxation. 18 GCA § 15120(b) (2005). A limited liability company may also be dissolved involuntarily. 18 GCA § 15127 (2005).

///

///

## III. Agora's Organizational Documents

Wang argues that Agora's organizational documents permit her to occupy the position of liquidating trustee. Specifically, she asserts: (1) the Agreement Between Joint Investors Regularizing Their Relationships in Contemplation of Purchase and Management of Golf Course Resort in Guam (hereinafter "Agreement Regularizing Relationships") grants Wang the right to perform administrative or managerial functions within the business operations in connection with tasks of her choosing; (Decl. Su, Exhibit "C" at 5, Oct. 25, 2013); and (2) Article X of the Operating Agreement for Agora Guam LLC (hereinafter "Operating Agreement") provides that the winding up of the affairs of the company shall be conducted exclusively by the liquidating trustee (Decl. Su, Exhibit "B" at 17, Oct. 25, 2013). Predicated on these two factors, Wang argues she is thus entitled to occupy the position of liquidating trustee. Su and Altamore argue that the conditions for a dissolution set forth in the Operating Agreement have not been met, and therefore, neither the dissolution of Agora nor the appointment of Wang as liquidating trustee is appropriate.

Article X of the Operating Agreement, in relevant part, provides as follows:

Article X. Dissolution and Termination
1. Dissolution. The Company shall continue in effect until dissolved upon the first to occur of the following:
(a) the death, expulsion, Bankruptcy, court declaration of incompetence with respect to, or dissolution of any Member, unless the Company is continued by the consent of at least a "majority-in-interest" (within the meaning of Rev. proc. 94-46, 1994-2 C.B. 688) of the remaining Members within ninety (90) days following, or notice thereof, the occurrence of any such events;
(b) the unanimous written consent of Members to dissolve the Company;
(c) the entry of a judicial dissolution of the Company under the Act;
(d) sale or other disposition of all or substantially all of the Company's assets; and
(e) May 15, 2036.
…
3. Liquidating Trustee
(a) Upon the dissolution of the Company, the affairs of the Company shall be wound up and terminated and the Members shall continue to share Net Income, Net Loss, Distributable Cash and other items of the Company during the winding-up period in accordance with the provisions of Articles IV and V hereof. The winding-up of the affairs of the Company and the distribution of

its assets shall be conducted exclusively by the Liquidating Trustee, who is hereby authorized by law for these purposes…

(Decl. Su, Exhibit "B" at 17-18, Oct. 25, 2013).

Thus, the liquidating trustee begins the winding-up of the affairs and the distribution of the company's assets upon the dissolution of the company. *Id.* In this case, Wang has failed to show the necessary condition to the appointment of a liquidating trustee, that is, the dissolution of Agora. Wang discusses the financial burdens she has personally suffered while managing Agora, but this is not a condition of dissolution as set forth under Guam law or the Operating Agreement. Furthermore, this Court is unable to enter a judicial dissolution of Agora without a unanimous written agreement of all members or an event which terminates the continued membership of a member of Agora. *See* 18 GCA § 15120 (a)(2)-(3) (2005). No evidence of either was ever put before the Court.

Moreover, the Court is not convinced by Wang's argument that the Argument Regularizing Relationships entitles her to be appointed as liquidating trustee and conduct a sale of the assets. Paragraph 4 of the Agreement Regularizing Relationships provides that unanimity of decision-making between Su and Wang is required for any decision to dissolve Agora and any decision to sell the assets of Agora or any significant portion thereof. (Decl. Su, Exhibit "C" at 2-3, Oct. 25, 2013). The Court finds that the plain language of the contract prevents Wang from conducting a sale of all of the assets relating to the Property without Su's approval. *See* 18 GCA § 87104 (2005) ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."); *Camacho v. Camacho,* 1997 Guam 5 ¶ 33 ("[I]n interpreting a clause of a contract to determine the intent of the contracting parties, whenever possible, the express language of the contract should control.").

For these reasons, Wang's motion for appointment of liquidating trustee and sale of assets as a going concern shall be denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Wang's motion for appointment of liquidating trustee and sale of assets as a going concern is hereby DENIED.

SO ORDERED this ___25TH___ day of February, 2014.

_____
HON. JAMES L. CANTO II
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

D. Barman
L. Yanza

Date: 2/25/14   Time: 4/5 PM

Deputy Clerk, Superior Court of Guam